IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KENDRICK JOHNSON,                                                      PLAINTIFF

V.                                                                      NO. 4:06CV178-M-B

ETHEL BANKS, et al.,                                                DEFENDANTS

## OPINION DISMISSING CLAIMS

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. He states that he received a Rule Violation Report (RVR), for engaging in indecent exposure. He appeared before a disciplinary committee which conducted a hearing on the RVR, was found guilty of the offense, and was punished for the violation. Plaintiff contends that he was not guilty of the charges, that video tape evidence in the possession of Defendants would exonerate him of the indecent exposure charge, and that he should not have been punished.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The Plaintiff was afforded a disciplinary hearing on the RVR, thus meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)).

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the constitution has not been implicated by the facts of this case. *Oliver v. Scott*, 276 F.3d 736, 745-46 (5th Cir. 2002) (prisoner's right to privacy is minimal); *see*, *Sinclair v. Stalder*, 2003 WL 22436063 at *1, 78 Fed. Appx. 987, 989 (5th Cir. Oct. 28, 2003) (use of female officers to supervise male inmates does not violate the First Amendment right to privacy). Since the acts complained of by Plaintiff meet the due process requirements, they do not rise to the level of a constitutional violation. Additionally, Plaintiff has not alleged the requisite physical injury that must accompany any § 1983 claim for damages. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). Therefore Plaintiff's complaint must be dismissed as failing to state a cause of action upon which relief may be granted.

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Johnson is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 26th day of October, 2006.

        /s/ Michael P. Mills  
        **UNITED STATES DISTRICT JUDGE**